UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PIERRETTE T.,

                                Plaintiff,

                                      v.

ANDREW SAUL,
Commissioner of Social Security,

                                Defendant.

_____

                                        DECISION AND ORDER

                                        20-CV-6290L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On October 31, 2011, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since November 29, 2006, later amended to July 16, 2009. (Dkt. #14 at 77-86). Her application was initially denied. After proceedings before Administrative Law Judge ("ALJ") Yvette N. Diamond, an initial unfavorable decision was issued on February 11, 2013. Plaintiff appealed, and that decision was reversed by this Court, with the matter remanded for further proceedings, with instructions to obtain additional medical opinion evidence concerning plaintiff's mental RFC during the period under review. (Dkt. #14 at 437-44).

The remand was addressed by ALJ John P. Costello, who obtained additional medical records and opinion evidence, and issued a new decision on January 7, 2020, again concluding that plaintiff was not disabled. (Dkt. #14 at 406-23). Plaintiff now appeals.

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #16), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #18). For the reasons set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

### I.     The ALJ's Decision

Plaintiff was born October 3, 1968, and was 45 years old on the date last insured, with a high school education and past relevant work as a certified nursing assistant, dog patrol officer, veterinary assistant, collection clerk, repossessor, office clerk, home health aide and manicurist. (Dkt. #14 at 420-21). Her treatment records reflect a history of prior left shoulder surgery, spondylosis, bipolar disorder and personality disorder, cluster II, which the ALJ found to be severe impairments not meeting or equaling a listed impairment. (Dkt. #14 at 409).

In applying the special technique for mental impairments, the ALJ determined that plaintiff has a mild limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in concentration, persistence and pace, and a mild limitation in adapting or managing herself. (Dkt. #14 at 411).

The ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform light work, with the ability to lift and carry twenty pounds occasionally and ten pounds frequently. She can stand, walk or sit for up to six hours in an eight-hour workday. She can occasionally push and pull with the left upper extremity, climb, balance, stoop, kneel, crouch and crawl. She cannot engage in repetitive reaching, handling, fingering and feeling with the non-dominant left upper extremity, but has no such limitations on the use of her dominant right upper extremity. She requires the option to sit or stand at will without leaving the workstation. She is limited to simple, routine tasks, and low stress work, defined as occasional decision-making and occasional changes in the work setting. She may have occasional contact with supervisors and co-workers, and no in-person contact with the general public. (Dkt. #14 at 412).

The ALJ credited the hearing testimony and interrogatory responses of vocational expert George Starosta that a person with this RFC would be unable to perform plaintiff's past relevant work, but could perform the light unskilled positions of Sorter and Linen Sorter, and the sedentary unskilled position of Surveillance Systems monitor. (Dkt. #14 at 422). The ALJ accordingly found plaintiff not disabled.

## II. The ALJ's Assessment of Medical Opinion Evidence

Plaintiff alleges that the ALJ failed to properly evaluate or fully credit the medical opinions of plaintiff's treating licensed mental health counselor, Jennifer Henderson – and thus erred by crafting an RFC unsupported by medical opinion evidence. Specifically, plaintiff argues that the ALJ improperly rejected a 2012 opinion by Henderson, and improperly credited a second opinion rendered by Henderson in 2019.

According to the record, Henderson provided mental health treatment to plaintiff from June 2012 through November 12, 2013. On November 27, 2012, Henderson completed a mental RFC

assessment, based on a treatment history of visits 1-2 times per month for five months, opining that plaintiff was "seriously" limited in carrying out short and simple instructions, maintaining attention for two hours, sustaining a routine, working with or in proximity to others, making simple work-related decisions, performing at a consistent pace, getting along with others, and responding to changes in the work setting. Henderson further indicated that plaintiff was unable to complete a normal workday or workweek, accept instructions or respond to criticism, or maintain socially appropriate behavior. Finally, Henderson stated that plaintiff was likely to be absent from work more than four days a month due to her symptoms. She assigned plaintiff a Global Assessment of Functioning ("GAF") score of 50, indicating serious symptoms. (Dkt. #14 at 383-88).

On November 7, 2019, in response to requests by the ALJ for an additional RFC assessment, Henderson provided a second opinion, concluding that, in addition to some mild limitations, plaintiff had only moderate limitations in interacting with others, and marked limitations in dealing with complex instructions and decisions, and responding to work situations and changes. (Dkt. #14 at 833-35).

The ALJ gave the 2012 opinion "little" weight, noting that it was inconsistent with Henderson's contemporaneous treatment notes which indicated that plaintiff was stable, with only moderate symptoms. (Dkt. #14 at 419). Henderson's 2019 opinion was given "great" weight, except for the opinion of a "marked" limitation in responding to work situations and changes, as it was found inconsistent with the mild-to-moderate limitations described elsewhere in the opinion, particularly the portion which stated plaintiff had "no" limitations in her ability to concentrate, adapt or manage. (Dkt. #14 at 419, 833-35). The RFC formulated by the ALJ accounted for all of the other limitations indicated by Henderson, as well as for a moderate (rather than marked) limitation in adapting to changes in the work setting.

Plaintiff argues that the ALJ's rejection of Henderson's 2012 opinion was not properly supported, and that the ALJ's grant of "great" weight to the 2019 opinion was improper, because the opinion may not have been retrospective.

The Court disagrees.

Initially, the ALJ's reasoning in rejecting the 2012 opinion was sufficiently explained and supported. As the ALJ noted, the 2012 opinion was rendered after only 5 months of treatment, and was markedly inconsistent with plaintiff's contemporaneous treatment records, which mentioned only moderate symptoms such as stress, anger, difficulty tolerating others, and incomplete awareness of problems, but with alert consciousness, appropriate affect, "excellent" motivation, and cooperative attitude. (Dkt. #14 at 419, 595-611). The discharge summary completed by Henderson on November 12, 2013 noted that "[plaintiff] was seen 12 times . . . Issues addressed [in plaintiff's course of therapy] included financial problems, waiting for worker's compensation, frustration with many doctor's appointments, ongoing pain from shoulder surgery, living with her parents, problems with her daughter, problems with friends. We reviewed coping skills, relaxation techniques. She was worried about anger outbursts as she had had problems from them in the past, but was able to manage anger and frustration positively . . . Current GAF = 55 [(moderate symptoms)]."

With respect to Henderson's 2019 opinion, plaintiff argues that the opinion is ambiguous with respect to whether it was meant to assess plaintiff's limitations in 2019, or plaintiff's limitations during the period under review (July 16, 2009 through December 31, 2013). Plaintiff points out that in response to the prior remand of this matter, the ALJ had requested a supplemental RFC assessment from Henderson, to cover "the period from 7/26/2009 to 12/31/2013." (Dkt. #14 at 588). However, Henderson did not respond to that request, and did not complete an RFC

5

assessment form until more than a year later, after two subsequent requests, and it is unclear whether those later requests referenced the date range to which the opinion was to be limited. (Dkt. #14 at 570, 577). Plaintiff argues that because of the temporal gap between the initial assessment request and the subsequent ones, Henderson may not have understood that her 2019 opinion was supposed to be retrospective to the period under review, and may have mistakenly assessed plaintiff's limitations during some subsequent period. Plaintiff suggests that this ambiguity necessitates remand so that Henderson can be recontacted for clarification.

The Court disagrees. The record is clear that plaintiff treated with Henderson from June 2012 through November 12, 2013, and not at any point thereafter. As such, Henderson's 2019 opinion could *only* have referred retrospectively to plaintiff's RFC from June 2012 through November 12, 2013. Recontacting her to confirm that fact would serve no purpose.

To the extent that the ALJ gave great weight to Henderson's 2019 opinion, but did not credit the "marked" limitation in adapting to work situations and changes that it described, the ALJ's reasoning was sound. As the ALJ observed, this limitation was inconsistent with the remainder of the opinion, which found "no" limitations in plaintiff's adaptive abilities. The Court observes that a finding of less-than-marked adaptive limitations is also supported by plaintiff's medical records from treating internist Dr. Dean Romanick, who began treating plaintiff's depression and bipolar disorder with prescription medications in and after March 2012. His treatment notes consistently described plaintiff as well-groomed, alert and oriented, with appropriate effect, even when presenting with complaints of stress, anxiety or depression. (Dkt. #14 at 365, 366, 781, 786, 788, 790, 792).

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

6

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #16) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #18) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 23, 2021